[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #186
The plaintiff's successor, CadleRock Joint Venture II, L.P., brings this two-count second amended complaint against the defendants, Lawrence Pace, Sr., Lawrence Pace, Jr., Mark Pace and David Pace, seeking foreclosure.
The defendants filed an answer and seven special defenses, including those alleging that: (1) the plaintiff's predecessors impaired the collateral of the defendants by failing to prosecute this matter diligently; (2) the plaintiff's predecessor failed to notify the defendants that a receiver had been appointed and terminated to collect rents for the subject property; (3) the failure to inform the defendants of the appointment and termination of a receiver deprived the defendants of the ability to collect rent; (4) the plaintiff purchased the notes with knowledge of all defenses; and (5) the plaintiffs have amended their cause of action numerous times by amending their claim for relief, causing the defendants injury. The plaintiff moves to strike the first five special defenses on the ground that each is legally insufficient.
"No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of CT Page 13275 action, must be specially alleged." Practice Book § 164, now Practice Book (Rev. 1998) § 10-50.
The allegations in the first three special defenses do not show that the plaintiff has no cause of action on the underlying notes. Rather, they apparently attempt to allege a set-off for lost rents. As such they constitute counterclaims pursuant to Practice Book § 168, now Practice Book (Rev. 1998) § 10-54, and are not properly pleaded as special defenses. See GECapital Mortgage v. Klett, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552540 (February 21, 1996, Satter, S.T.R.) (16 CONN. L. RPTR. 186, 187). The plaintiff's motion to strike the first three special defenses is granted.
The allegations in special defenses four and five do not attack the making, validity or enforcement of the underlying notes. See Norwest Mortgage v. Edwards, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.T.R.). Therefore, they are legally insufficient. The plaintiff's motion to strike the fourth and fifth special defenses is granted.
BALLEN, J.